UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21944-CIV-ALTONAGA/O'Sullivan

**KEON KESTON BROWN**, *et al.*,

    Plaintiffs,
v.

**TRI-COUNTY LUMPING SERVICE, INC.** and **TAWANDA OWENS**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff, Craig Tyler's Motion for Attorney's Fees and Costs [ECF No. 99] filed July 3, 2017. Defendants, Tri-County Lumping Service, Inc. and Tawanda Owens, filed their Memorandum in Opposition ("Fee Response") [ECF No. 104] on July 24, 2017; to which Tyler filed a Reply in Support ("Fee Reply") [ECF No. 110]. Also before the Court is Defendants' Bill of Costs [ECF No. 106]. Plaintiffs, Supreme Shabazz Scott and Tyler, filed their Response in Opposition ("Bill Response") [ECF No. 111], and Defendants filed an Amended Defendants' Reply ("Bill Reply") [ECF No. 117] and Notice of Supplemental Authority [ECF No. 118] in support of their Bill. The Court has carefully considered the parties' written submissions, the record, and applicable law.

### I.   BACKGROUND

Plaintiff, Craig Tyler joined four other Plaintiffs to this action on August 3, 2016 seeking $117,126.18 in unpaid overtime and minimum wages. (*See* Amended Complaint [ECF No. 13]; *see also id.*, Ex. E, Statement of Claim [of] Plaintiff Craig Tyler [ECF No. 13-5]). Tyler and his

four co-Plaintiffs — Supreme Shabazz Scott; Keon Keston Brown; Olundi Uhuru Anderson; and Kollin Marc Slowley — were represented by the same attorney, Elliot Kozolchyk. On September 20, 2016, Brown, Anderson, and Slowley, settled their claims against Defendants for approximately 17%, 22%, and 23% of their total claim amounts, respectively. (*See* Order Approving Settlement [ECF No. 37]; *compare* Statements of Claim [ECF Nos. 13-1 through 13-3], *with* Joint Motion for Approval of Parties' Settlement Agreement [ECF No. 36] 2). The Settlement Agreement provided for $9,000 to be paid to Plaintiffs' counsel. (*See* Joint Mot. 2). Tyler and Scott, the only remaining Plaintiffs, refused offers of settlement and Rule 69 offers of judgment in December 2016 and January 2017.

Owens eventually moved for partial summary judgment against Tyler and Scott (*see* Motion for Partial Summary Judgment [ECF No. 45]), but the Court denied the Motion for Partial Summary Judgment in an Order [ECF No. 59] dated February 3, 2017. The case proceeded to a one-and-a-half day bench trial (*see* Paperless Minute Entries [ECF Nos. 87, 90]), and the Court entered its Final Judgment in an Order [ECF No. 92] dated May 4, 2017. The Court denied Scott all relief and entered final judgment in favor of Tyler against Defendants, Tri-County Lumping Service, Inc. and Owens on Tyler's unpaid overtime claim. The Court entered judgment in the amount of $6,321.04 — or approximately 5.4% of the total amount Tyler sought. (*See* May 4 Order 1). Tyler did not prevail on his minimum wage claim.

## II.   ATTORNEY'S FEES

Defendants do not contest Tyler is entitled to an award of fees, but argue Tyler's request of $36,015 is excessive in light of the relief granted to Tyler after trial. (*See generally* Fee Resp.). Defendants propose three alternatives to granting Tyler's request in full: (1) reduce the award to 12.5% of the total fees sought — a total of $4,501.87 — given Plaintiff only recovered

5% of his claim; (2) reduce the amount of fees to the hours incurred through the time of Defendants' settlement offers to Plaintiff "to reflect the true value of the services, or no more [than] $3,685.00"; (3) recalculate fees to eliminate unnecessary charges, excessive billing, and reduce counsel's hourly rate, to award $11,466.00 for hours worked through trial. (Fee Resp. 2 (alteration added)). Plaintiff concedes some charges may be eliminated but maintains the bulk of the fees requested are proper. (*See generally* Fee Reply).

### A. Legal Standard

When a plaintiff prevails in an action brought under the Fair Labor Standards Act ("FLSA"), the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar' — the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713 (11th Cir. 2014) (citing *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).

"Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended." *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 910–11 (11th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Even when a party prevails, the district court still must determine whether the time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." *Id.* (citing *Hensley*, 464 U.S. at 434). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease."

*Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008)).

Furthermore, "[i]n determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins*, 548 F.3d at 1350 (alteration added; footnote call number omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted).

**B. Discussion**

As an initial matter, the Court notes Plaintiff concedes in his Fee Reply certain line items[1] should be eliminated from the fee request. The total fees sought are therefore reduced to $33,145.

   **1. Reduction of Hourly Rate**

A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (internal quotation marks omitted) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). A fee applicant bears the

---

[1] Specifically, Plaintiff does not object to the removal of the June 23, 2016 entry for 0.4 hours (*see* Fee Reply 21), and four entries billed for time expended on Plaintiff Scott's case for 0.3, 2.0, 1.0, and 4.5 hours (*see id.* 22).

burden of establishing the reasonable market rate, although the Court may rely on its own experience in assessing the reasonableness of the rate. *See Norman*, 836 F.2d at 1300, 1304.

In support of the hourly rate, Plaintiff cites to a number of cases in which courts in this District have found Plaintiff's counsel's hourly rate to be reasonable. (*See* Mot. 2). Defendants argue these citations are "misleading . . . as two of the orders . . . were entered *pro forma* on unopposed motions for default judgment[,]" and one involved a settlement agreement. (*See* Fee Resp. 7 (alterations added)). To this argument, Plaintiff references Local Rule 7.3(a), which provides, "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." (Fee Reply 15 (alteration added) (quoting S.D. FLA. L.R. 7.3(a))). Defendants have provided no such information.

As Defendants correctly note,[2] "the court is always the ultimate arbiter and may rely on its discretion and expertise to determine the appropriate hourly rate." (Fee Resp. 6–7 (citations omitted)). While this discretion is not unlimited, it is broad and courts are considered experts on the subject. *See Norman*, 836 F.2d at 1303–04. Indeed, Defendants' own authority recognizes "the lack of an expert affidavit in support of the claimed rate is not fatal," as "the court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses to value." *Asbun v. Resende*, No. 15-61370-CIV, 2016 WL 7635459, at *6 (S.D. Fla. Sept. 26, 2016) (internal quotation marks omitted; alteration added) (quoting *Norman*, 836

---

[2] In somewhat contradictory fashion, Defendants also argue Plaintiff's counsel's rate should be reduced because the Motion was not accompanied by an affidavit "attesting to the propriety of the $350 per hour rate." (Fee Resp. 6). Defendants' argument relies on the principle it is a fee applicant's "burden of establishing entitlement and documenting the appropriate hours and hourly rates." (*Id.* 7 (quoting *Barnes*, 168 F.3d at 427)).

F.2d at 1303). The Court therefore finds Plaintiff's counsel's hourly rate of $350 to be reasonable and in line with prevailing market rates for similar work conducted by similarly experienced attorneys. (*See* Mot. 2 n.2; Fee Reply 16); *see also Asbun*, 2016 WL 7635459, at *6.

**2. Line Item Objections**

*i.    .7 hours spent preparing Amended Complaint*

Defendants argue the only time spent preparing the Amended Complaint for which Plaintiff should recover is the time spent adding Plaintiff's name to the document, "which could not have taken more than .3 hours." (Fee Resp. 9). Therefore, "no other compensable time is warranted . . . as the balance of the Amended Complaint served only to add the unsuccessful Count II for Florida Minimum Wage Act violations," upon which Plaintiff did not prevail. (*Id.* (alteration added)). Defendants also assert because Plaintiff's counsel uploads his own files to CM/ECF — an activity notably not mentioned in this entry — the entry should be reduced to .2 hours. (*See id.*). Plaintiff responds this "contention . . . is not reasonable." (Fee Reply 21 (alteration added)).

Because Defendants are correct the bulk of the changes to the Amended Complaint were devoted to adding a claim upon which Plaintiff did not prevail, Plaintiff should not recover this amount in full. This entry is reduced to .3 hours, bringing Plaintiff's fee award to $33,005.

*ii.    Non-Recoverable Time for Joint Representation of Scott and Tyler at Mediation*

Defendants argue a reduction of 3.5 hours for time spent attending settlement and mediation conferences on behalf of Plaintiffs Scott and Tyler is appropriate. (*See* Fee Resp. 10). Defendants offer no authority in support of this 50% reduction, and Plaintiff argues the work

done was "non-duplicative work that would have been necessary whether Plaintiffs' counsel was representing" one or both Plaintiffs at the time. (Fee Reply 22).

Unlike the above entry for counsel's work on the Amended Complaint, it is less obvious precisely how much time was spent on each Plaintiff individually, as opposed to work required on behalf of the Plaintiffs jointly. Furthermore, there is no indication exactly half of each conference was dedicated to discussing Plaintiff Tyler's or Plaintiff Scott's claims, and it is unlikely that was the case. Accordingly, reduction by half is not warranted. Given, however, the likelihood at least some portion of counsel's efforts was expended exclusively on Plaintiff Scott's behalf, a reduction by 1.5 hours is appropriate, bringing the total fee award to $32,480.

    *iii.*    *Unit Billing*

Defendants argue the 28 .1-hour entries for work performed reviewing certain docket entries should be eliminated, as they constitute "unit billing." (Fee Resp. 11). "Unit billing is the practice of billing certain tasks at a predetermined amount instead of the actual time spent." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2016 WL 3944033, at * 7 (S.D. Fla. Jan. 15, 2016) (internal quotation marks and citations omitted). After careful review of the entries, the undersigned agrees.

While it is common for attorneys to utilize .1 hours, or six minutes, as the minimum billable increment, counsel is still obligated to seek compensation for only those hours reasonably expended. *See Perez*, 373 F. App'x at 910. Unit billing is an "unreasonable" practice, which often "results in excessive billing which the court is authorized to address." *Van Voorhis v. Hillsborough Bd. of Cty. Comm'rs*, No. 8:06-cv-1171, 2008 WL 2790244, at *2 n.8 (M.D. Fla. July 18, 2008). Because it is unlikely Plaintiff's counsel actually expended six

minutes in reviewing each and every docket entry listed on his timesheets, a reduction to 1.5 hours is appropriate. This brings Plaintiff's fee award to $32,025.

    *iv.*    *Block Billing*

Defendants argue two entries, one for "[p]hone call with . . . Tyler regarding case. Performed legal research on admissibility of criminal record for motion in limine[,]" and one for preparing and filing a related motion in limine, should be eliminated as improper block billing. (Fee Resp. 12 (alterations added)). Defendants argue the first entry does not indicate how much time was spent on each task listed in the entry, and the motion in limine eventually filed "contains no evidence of the researched performed [and] cites to no cases, only to rules of evidence." (*Id.* (alteration added)). Defendants therefore assert the two entries should be reduced from two hours to one. These arguments fail to persuade.

First, it is conceivable the phone call with Tyler involved a discussion of Tyler's criminal record and therefore was related to the subsequent legal research performed. While perhaps the better practice is to divide each narrative into discrete entries, the Court does not find this justifies reduction. And the fact the motion contained only citations to rules, as opposed to case law, does not warrant reduction, either. Research is a valuable client service attorneys perform if they are to adequately represent clients in litigation; that not every search yields beneficial authorities does not mean attorneys are precluded from recovering for that work. One-and-a-half hours of research are not so excessive that the Court is bound to conclude the work was unnecessary or the time spent not compensable. And Defendants offer no reason the half hour spent preparing and filing the motion in limine is not compensable. Accordingly, these entries remain intact.

     *v.*    *Excessive Billing*

Defendants point to several entries related to deposition and trial preparation which they describe as "excessive, and reflect[ing] improper billing judgment." (Fee Resp. 13 (alteration added)). For example, Defendants contend the 5.5 hours spent preparing for two depositions should be reduced given both depositions lasted a combined 3.6 hours. Therefore, only two hours should be billed for deposition preparation. Defendants apply a similar logic to Plaintiff's counsel's entries related to trial and witness preparation. (*See id.*).

These comparisons are insufficient to warrant the reduction — from 30.1 hours to 12 hours — Defendants seek. The mere fact time spent preparing for trial exceeded time spent in trial does not necessarily indicate the time spent preparing was unwarranted or unrecoverable. *Cf. Lynn Yuk Chun Wai v. Fed. Express Corp.*, No. 08-60648-CIV, 2010 WL 11504708, at *6 (S.D. Fla. Sept. 29, 2010) (declining to reduce time spent preparing "witnesses who ultimately were not called to testify" because that time "was nevertheless spent in furtherance of [plaintiff's] successful . . . claims" (alterations added)).

Defendants' suggested reduction is based on no helpful formula, nor do they provide an indication of the amount of time Defendants' counsel spent preparing for the same events as a guide. Because the Court cannot, based on its experience, conclude the time spent preparing for depositions or trial was fundamentally unreasonable, these entries remain intact.

     *vi.*    *Time Expended on Summary Judgment Briefing*

Defendants next argue Tyler, despite having prevailed against Owens's Motion for Partial Summary Judgment, should not recover attorney's fees for time expended responding to that Motion, as it "was opposed in bad faith." (Fee Resp. 13). Defendants assert Tyler's Affidavit [ECF No. 55-3] filed in opposition to the Motion for Partial Summary Judgment contained

"conclusory and factually unsupported statements." (Fee Resp. 14). As further indication of Tyler's bad faith, Defendants argue Tyler "presented no evidence at trial to refute Owens' limited liability, and in its findings of fact, the Court concurred with Owens' position" taken in the Motion for Partial Summary Judgment. (*Id.*). Tyler responds the Affidavit was prepared based on his personal knowledge. (*See* Fee Reply 27). The parties offer no authority in support of their competing positions.

That Defendant ultimately prevailed at trial on the issues raised in Owens's Motion for Partial Summary Judgment does not, necessarily, indicate bad faith on Tyler's behalf. Absent any authority suggesting Plaintiff may not recover for time spent briefing a summary judgment motion because Plaintiff did not ultimately prevail on those issues at trial, the Court sees no reason to eliminate these hours.

  *vii.* *Fees Incurred After Offer of Judgment*

Owens "objects to any fee award that post-dates her Rule 68 Offer of Judgment to Tyler." (Fee Resp. 14).[3] In January 2017, approximately three months prior to trial, Owens offered Plaintiff $1,500, inclusive of fees and costs. (*See id.* 4). The fees accrued as of the date of the Offer stood at $12,000; most of the fees incurred by Plaintiff's counsel were incurred after the Offer was made. (*See id.* 5). Owens therefore argues had Plaintiff accepted either of the Offers of Judgment, it "would have greatly reduced the scope of the proceeding and the fee expense." (*Id.* 2).

According to Plaintiff, "Defendants' offers of judgment [were] not valid because they were inclusive of attorney's fees and costs and were for much less than the fees and costs incurred at the time plus the amount the Court awarded to Mr. Tyler." (Fee Reply 5 (alteration

---

[3] Elsewhere, Defendants note there were two Offers of Judgment made to Plaintiff, one from Tri-County and one from Owens. (*See* Fee Resp. 4–5). Only Owens objects to the fees incurred following the rejection of her Offer. (*See id.* 14).

added)). Plaintiff also asserts the fact his recovery against Owens was less than the Offer originally extended is not dispositive. (*See id.* 5–6 (citations omitted)).

Defendants' cited authority does not support a reduction in fees. In *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1325 (M.D. Fla. 2001), the court explained "Rule 68 does not bar any award of attorney fees in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff recovers less than the amount offered in settlement." *Id.* (internal quotation marks omitted) (citing *Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995)). While it is true, "[w]hen a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results . . . obtained by going to trial compared to the . . . offer," *id.* (first alteration in original; citation omitted), the rejection is merely "one factor to consider in determining whether the lodestar should be adjusted," *Payne v. River Rocks LLC*, No. 6:15-cv-1727-Or-40DCI, 2017 WL 976634, at *8 (M.D. Fla. Feb. 22, 2017).

Therefore, the request to eliminate entirely post-Offer fees is denied. Nevertheless, consideration of whether there should be an across-the-board reduction of fees following rejection of an offer is merged into section 3 below.

### 3. Across-the-Board Cuts

Finally, Defendants argue a downward adjustment of the lodestar is warranted because both the *Johnson* factors and other, special circumstances call for it. (*See* Fee Resp. 15–19). Specifically, Defendants claim a 40% reduction is in order after weighing the *Johnson* factors, and an additional 10% should be reduced because Plaintiff failed to accept earlier settlement offers made in December 2016. (*See id.*).

The undersigned disagrees the *Johnson* factors alone warrant a 40% reduction in fees. Based on extensive experience with these types of FLSA cases, the undersigned cannot conclude the hours expended to bring this case through summary judgment and trial were inherently unreasonable. Certainly, as Defendants acknowledge, Mr. Kozolchyk "concentrate[s] on wage claims" and has apparently "file[d] hundreds of cases on behalf of wage claimants." (Fee Resp. 16–17 (alterations added)). While Defendants attempt to disparage Mr. Kozolchyk's "deliberate career choice" (*id.* 16), the Court concludes this is indicative of at least some amount of expertise in his field.

Admittedly, the results obtained were significantly below the amount originally sued upon, which is a key factor to consider when determining the appropriate lodestar — especially in light of the rejection of settlement offers and Offers of Judgment. *See, e.g.*, *Hensley*, 461 U.S. at 436 ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. . . . [T]he most critical factor is the degree of success obtained." (alterations added)). Significantly, the Eleventh Circuit has held, "[w]here the plaintiff has achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained" and reversed lower courts for failing to "giv[e] greater weight to plaintiffs' limited success." *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997) (internal quotation marks, footnote call number, and citation omitted; alterations added).

At the time Plaintiff rejected Defendants' settlement offer, on December 12, 2016, written discovery had been taken and Plaintiff was aware of the documentation available to support his claims, as well as what Defendants' records contained. The $20,000 offer to resolve both Tyler and Scott's claims, inclusive of fees and costs, was perhaps well below Plaintiffs'

total claims, but assuming Plaintiff's counsel would have been compensated in full for his work to that point — approximately $4,500 (*see* Fee Resp. 4) — and even assuming the two Plaintiffs shared equally in the settlement proceeds, acceptance of the offer would have left Plaintiff in nearly the same position in which he now finds himself. Stated differently, there were limited returns on the additional time Plaintiff's counsel invested in this action following the rejection of Defendants' settlement offer.

"Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation." *Anderson v. Unum Life Ins. Co. of Am.*, No. 2:01cv894, 2007 WL 604728, at *14 (M.D. Ala. Feb. 22, 2007) (quoting *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000)). Whether an offer is "substantial" is a determination left to the discretion of the district court. *Id.* (citation omitted). Given the minimal difference between the results obtained and the settlement offer, as well as the significant expenditures following the rejection of the settlement offer, and the small percentage of the total amount sought actually awarded, it is appropriate to reduce the total fee award, after the elimination of certain line items in accordance with the foregoing, by 35%. This brings Plaintiff's total fee award to $20,816.25.

### III.   COSTS

Against Tyler, Defendants seek $1,058.32 in deposition costs and $224.20 in copying costs. Against Scott, Defendants request $944.47 in deposition costs and $224.20 in copying costs. Tyler requests $2,809.75 in deposition and copying costs against Defendants.

**A. Legal Standard**

Federal Rule of Civil Procedure 54(d) permits costs, other than attorney's fees, to be awarded to a prevailing party. *See* FED. R. CIV. P. 54(d)(1). While courts have discretion to

deny costs, such discretion is limited. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). A "prevailing party" is "one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). Plaintiffs acknowledge certain costs are taxable against Scott; however, they contest the propriety taxing costs against Tyler given Defendants did not "prevail" against him.

Federal statute enumerates the types of fees a prevailing party may recover. *See* 28 U.S.C. § 1920. These include:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees . . . ; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

*Id.* (alterations added).

At the outset, the Court notes Scott and Tyler have singled out a number of convenience costs" in Defendants' Bill of Costs which were not "necessarily incurred" and therefore not recoverable. (Bill Resp. 3). Defendants, in the Bill Reply, make no objection to the elimination of these line items; they are therefore excluded from any final award of costs. Additionally, Defendants concede they are not entitled to recover for the costs imposed as a sanction following the first deposition of Defendant Owens. (*See* Bill Reply 4).

**B. Discussion**

    **1. Costs Taxed Against Plaintiff Tyler**

Plaintiffs argue no costs may be taxed against Tyler given "established Supreme Court precedent regarding intertwined claims." (Bill Resp. 1 (citing *Hensley*, 461 U.S. at 435)). Plaintiffs essentially argue because Tyler's successful and unsuccessful claims "rely on a

common core of facts," Defendants are not entitled to recover costs. (*Id.* 2). In their Bill Reply, Defendants reiterate the argument they prevailed over Tyler with respect to certain claims. (*See* Bill Reply 3).

The Eleventh Circuit has explained, "[a] defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit." *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005) (per curiam) (alteration added). With respect to Rule 54, "[u]sually the litigant in whose favor judgment is rendered is the prevailing party. . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Head*, 62 F.3d at 354 (first alteration added; citation omitted). And "[t]he Eleventh Circuit has affirmed a district court finding that a defendant that has prevailed on part of a plaintiff's claims was not a prevailing party." *RGF Envtl. Grp., Inc. v. Activ Tek Envtl. Corp.*, No. 08-CIV-80682, 2010 WL 3269990, at *2 (S.D. Fla. Aug. 18, 2010) (alteration added) (citing *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 1013 (11th Cir. 2001)). The undersigned therefore concludes Defendants are not prevailing parties against Tyler, and so are not due to recover any costs from Tyler.

**2. Costs Taxed Against Plaintiff Scott**

Plaintiffs do not dispute Defendants may recover costs from Scott. They do, however, challenge the photocopying costs, as the "itemization of copying costs . . . is illegible and therefore insufficient to support Defendants' claimed copying costs." (Bill Resp. 5 (alteration added)). While the itemization attached to the Bill of Costs [ECF No. 106] is indeed difficult to comprehend, Defendants offer a breakdown of all copying costs later in the Memorandum [ECF No. 106-1] attached to the Bill of Costs. (*See* Mem. 6). Based on Defendants' description of the

Case 1:16-cv-21944-CMA Document 119 Entered on FLSD Docket 11/30/2017 Page 16 of 18

CASE NO. 16-21944-CIV-ALTONAGA/O'Sullivan

copying costs, the undersigned concludes those costs are reasonable and should, in part, be assessed against Scott.

### 3. Costs Taxed Against Defendants

Tyler seeks $2,809.75 in costs against Defendants.[4] (*See* Fee Mot. 1). Defendants object to: (1) deposition transcript costs for Scott's deposition; (2) full transcript costs for Owens and Neil Burell; and (3) costs for printouts of all production from all parties, "comprising an unnecessary and duplicative copy expense, given . . . the same production was printed yet again as part of the trial notebook." (Fee Resp. 3).

Plaintiff insists Scott's deposition costs are recoverable, as Scott's deposition transcript was "necessary as a supporting witness for Plaintiff Tyler's claims regardless of whether Plaintiff Scott had his own claims." (Fee Reply 8). While it is possible Scott's testimony may have supported Tyler's claims, there is no indication Scott would have been deposed absent his bringing independent claims. Indeed, the fact no depositions were taken of any other co-Plaintiff or witness counsels against entertaining this argument. Consequently, Tyler cannot recover Scott's deposition costs.

The question whether Tyler may recover full deposition costs for Owens's and Burell's depositions is a closer question. The fact remains both would have been deposed had Scott not been a party to this case, and it is unclear whether the duration of the depositions might have been shorter absent one Plaintiff. Accordingly, the Court reduces the deposition costs for Burell

---

[4] Although Plaintiff failed to attach a copy of the Bill of Costs to the Fee Motion, the relevant documents are attached to Plaintiff's first request for Bill of Costs [ECF No. 94]. (*See id.*, Ex. 1, Invoices [ECF No. 94-1]; *see also id.*, Ex. 2, Copying Costs [ECF No. 94-2]).

and Owens by 30%.[5] As for the photocopying costs, the Court agrees the production printouts were duplicative, and therefore reduces the total copying costs by $218.70.

## IV.  CONCLUSION

In light of the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. The Attorney's Fees Motion **[ECF No. 99]** is **GRANTED** in part.

2. After accounting for the elimination of certain line items, and an overall reduction of 35%, Plaintiff, Craig Tyler, may recover **$20,816.25** in attorney's fees from Tri-County Lumping and Tawanda Owens.

3. Plaintiff Tyler may recover **$1,716.45** in costs from Defendants, Tri-County Lumping and Tawanda Owens. This is the sum of:

    a. **$1,252.50** in deposition costs, and

    b. **$463.95** in copying costs.

4. Defendants' Bill of Costs **[ECF No. 106]** request is **GRANTED** in part and **DENIED** in part.

5. Defendants shall recover no costs from Plaintiff Tyler.

6. Defendants may recover a total of **$900.70** in costs against Plaintiff, Supreme Shabazz Scott. This represents a total of:

    a. **$676.50** in deposition costs, and

---

[5] In addition, the same "convenience costs" to which Plaintiffs objected in Defendants' Bill of Costs will be removed from Plaintiff's Bill of Costs. Those include: (1) Litigation Package for Tyler Deposition - $46.00 (*see* Invoices 1); (2) Shipping & Handling – COD - $35.00 (*see id.*); (3) Litigation Support Package for Owens Deposition - $35.00 (*see id.* 2); (4) Processing/Archival/Delivery $50.00 (*see id.*); (5) Processing/Archival/Delivery (O&1) for Burell Deposition - $25.00 (*see id.* 3); (6) Mini transcript for Burell Deposition - $20.00 (*see id.*); (7) Litigation Support Package for Owens Deposition - $35.00 (*see id.* 4).

   b. **$224.20** in copying costs.

 7. Interest is awarded on all fees and costs from the date of Final Judgment,[6] at the rate prescribed by 28 U.S.C. section 1961.

**DONE AND ORDERED** in Miami, Florida, this 30th day of November, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[6] *See Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803–04 (11th Cir. 2012).